IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VASEGA VASEGA, | ) | Civil No. 23-00316 JAO-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | AMENDED PETITION FOR 406(b) |
| | ) | FEES |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

FINDINGS AND RECOMMENDATION TO
GRANT AMENDED PETITION FOR 406(b) FEES

On May 28, 2025, counsel for Plaintiff Vasega Vasega ("Plaintiff") filed a Petition for 406(b) Fees ("Petition").  ECF No. 16.  On May 29, 2025, Defendant Frank Bisignano, Commissioner of the Social Security Administration ("Defendant"), filed a Response to the Petition.  ECF No. 18.  Therein, Defendant states that he "neither supports nor opposes" the Petition.  Id. at 2.  On June 9, 2025, Plaintiff's counsel filed a document entitled:  "Supplemental Memorandum on Petition for 406(b) Fees; Amended Petition for 406(b) Fees."  ECF No. 20.  The Court thus construes the entire document as an amended petition ("Amended Petition").  Id.

The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After carefully reviewing the filings and record in this case, the Court FINDS AND RECOMMENDS that the district court GRANT the Amended Petition.

## BACKGROUND

This matter concerns Plaintiff's appeal of Defendant's denial of social security disability insurance benefits to Plaintiff. On August 1, 2023, Plaintiff filed a Complaint for Review of Social Security Disability Benefits Determination ("Complaint"). ECF No. 1. On September 21, 2023, the parties stipulated—with the approval of the district court—to voluntarily remand this action for further administrative action pursuant to 42 U.S.C. § 405(g). ECF No. 12. In addition, the parties requested that the Clerk of Court enter judgment in favor of Plaintiff and against Defendant, reversing the final decision of the Commissioner. *Id.* That same day, the Clerk of Court entered judgment in accordance with the parties' request. ECF No. 13.

On September 26, 2023, the parties stipulated—with the approval of the district court—for Plaintiff, through his counsel, to receive an award of attorneys' fees for $881 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 15.

On September 24, 2024, a second administrative hearing was held. ECF No. 16 at 3. Plaintiff subsequently received a favorable decision granting his application for Social Security disability insurance benefits in full. *Id.*

Pursuant to the terms of his retainer agreement with counsel, Plaintiff agreed to pay counsel a fee equal to 25% of his past-due benefits if his Social Security appeal was successful. ECF No. 16-2 at 1. In May 2025, Plaintiff's counsel received a Notice of Award for Plaintiff from the Social Security Administration ("SSA"). ECF No. 16-1. The Notice of Award provides that Plaintiff's past-due benefits total $102,325. *Id.* at 3. The Notice of Award also indicates that the SSA has withheld 25% of the past-due benefits, $25,581.25, for purposes of paying attorneys' fees. *Id.*

On June 9, 2025, Plaintiff's counsel filed the Amended Petition, requesting $10,581.25 in attorneys' fees pursuant to 42 U.S.C. § 406(b). ECF No. 20. Plaintiff's counsel states that she "will reimburse [Plaintiff] the entire $881.00 EAJA award upon receipt of the 406B [sic] fees." ECF No. 16-5 at 3 ¶ 14.

## DISCUSSION

Pursuant to § 406(b), the court may award reasonable attorneys' fees to a successful claimant's counsel up to 25% of the claimant's past-due benefits. *See* 42 U.S.C. § 406(b)(1)(A). This limit applies to the total of EAJA and § 406(b) fees combined. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that

3

a district court may award fees under both the EAJA and § 406(b), "but the claimant's attorney must refund to the claimant the amount of the smaller fee" (alterations and citations omitted)).

The attorneys' fees awarded under § 406(b) are paid by the claimant out of the past-due benefits awarded, and the claimant's attorney bears the burden of demonstrating that the requested fees are reasonable. *Id.* at 807. If counsel represents a claimant pursuant to a contingency fee agreement, that agreement is the starting point for the Court's reasonableness assessment. *See id.* at 808; *see also Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc). If the fee requested is consistent with the fee arrangement and is within the statutory maximum, the Court then conducts an "independent check" to determine whether the requested fee is reasonable "based on the character of the representation and the results the representative achieved." *See Gisbrecht*, 535 U.S. at 807–08 (citations omitted).

> A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the "benefits are large in comparison to the amount of time counsel spent on the case[,]" . . . [such that] the requested fee would result in a windfall.

*Crawford*, 586 F.3d at 1148, 1151 (quoting and citing *Gisbrecht*, 535 U.S. at 806, 808).

The Court has carefully reviewed the Amended Petition and the record in this case, and finds that Plaintiff's counsel met her burden in demonstrating that the requested fees are reasonable. Plaintiff entered into a contingency fee agreement with his counsel. ECF No. 16-2 at 1–2; ECF No. 16-3 at 1–2 ¶ 2. Pursuant to the fee agreement, Plaintiff agreed to pay counsel 25% of his past-due benefits if counsel successfully represented him on appeal and owed no fees if the appeal was unsuccessful. ECF No. 16-2 at 1. Counsel's request for $10,581.25, less the $881 EAJA award to be returned to Plaintiff, is less than the statutory maximum of 25% of the past-due benefits awarded to Plaintiff.[1] 42 U.S.C. § 406(b)(1)(A).

Plaintiff's counsel provided quality representation and obtained a successful result in this court, which resulted in Plaintiff receiving significant past-due benefits. *See* ECF No. 16 at 7; ECF No. 20 at 4–5. In addition, Plaintiff is now entitled to "retro-active hospital insurance under Medicare, the value of which is not accounted for in the retro-active award." *Id.*; ECF No. 20 at 5. The Court thus finds no reason to reduce fees for substandard performance. In addition, there is no evidence that counsel caused any delay to suggest that the Court should reduce the fees award for dilatory conduct.

---

[1] Plaintiff's counsel states that she spent 28 hours representing Plaintiff during the administrative proceedings and will request the remaining fees (up to $15,000) at the administrative level. *See* ECF No. 16-5 at 3 ¶ 11; ECF No. 20 at 3.

Moreover, the Court finds that reduction is not necessary to prevent counsel from receiving a windfall. In the Amended Petition, Plaintiff's counsel indicates that she spent 3.75 hours litigating this case in federal court.[2] ECF No. 20 at 3. An award of $10,581.25 for 3.75 hours of work would yield an effective hourly rate of $2,821.67. Although this rate is significantly high, courts in this circuit have approved awards pursuant to § 406(b) with hourly rates over $2,000. *See, e.g.*, *Sinha v. Bisignano*, Case No. 23-cv-00363-BAS-BGS, 2025 WL 1616796, at *3 (S.D. Cal. June 6, 2025) (approving a fee award for 4.2 hours of work with an effective hourly rate of $2,615.90); *Spina v. Kijakazi*, Case No. 19-cv-05171-BLF, 2023 WL 3977666, at *1–2 (N.D. Cal. June 13, 2023) (approving a fee award for 25 hours of work with an effective hourly rate of $2,344.56); *Martinez v. Comm'r of Soc. Sec.*, CASE NO. 1:21-cv-00431-GSA, 2024 WL 3202438, at *2 (E.D. Cal. June 26, 2024) ("[A] comparatively high effective hourly rate is generally warranted to compensate counsel for the risk assumed in representing social security claimants.") (citing *Crawford*, 586 F.3d at 1148).

---

[2] The Court notes that the time entries submitted with the Petition, which were not included in the Amended Petition, indicate that counsel spent 3.8 hours litigating this case. ECF No. 16-4. The Amended Petition does not address this discrepancy. Because an amended filing generally supersedes the original filing, the Court relies on the information in the Amended Petition to determine whether the requested fee is reasonable.

*Gisbrecht* and *Crawford* make clear that "a lodestar analysis—which begins by multiplying the hours reasonably expended by a reasonable hourly rate—does not control the evaluation of fees under § 406(b)." *Sinha*, 2025 WL 1616796, at *3 (citing *Gisbrecht*, 535 U.S. at 806; *Crawford*, 586 F.3d at 1149). The lodestar method is disfavored in this context because it "under-compensates attorneys for the risk they assume in representing [social security disability insurance] claimants." *Crawford*, 586 F.3d at 1149. This includes "the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." *Id.* at 1152 (footnote omitted). Even if successful, attorneys may have to "wait[] a long, long time for payment." *Id.* "Giving effect to the parties' negotiated fee agreement compensates the attorneys not only for the time expended . . . and the risks assumed, [but also] ensures their willingness to undertake those risks again in future cases. *Kelly Kay M. v. O'Malley*, Case No. 22-cv-01969-DDL, 2024 WL 4536462, at *4 (S.D. Cal. Oct. 21, 2024) (citing *Crawford*, 586 F.3d at 1152; *Streeter v. Kijakazi*, No. 1:18-cv-01276-SKO, 2021 WL 4065545, at *2 (E.D. Cal. Sept. 7, 2021) ("The goal of fee awards in this context is to provide adequate incentive to represent claimants" while protecting claimants from "depletion" of the benefits recovered.))

Here, Plaintiff's counsel assumed a substantial risk in representing Plaintiff on a contingency-fee basis. Plaintiff filed his application for disability insurance

7

benefits in March 2021. ECF No. 1 at 1 ¶ 1. Plaintiff's counsel filed this lawsuit in August 2023. ECF No. 1. Plaintiff's counsel represented Plaintiff during multiple levels of appeals and two administrative hearings. Despite this work, Plaintiff's counsel has not been paid for over four years. Counsel obtained an excellent result for Plaintiff, and the Court does not intend to penalize her for that success. Plaintiff's counsel's voluntarily reduction of the requested fees from the allowable 25% of past-due benefits further suggests the fees are reasonable and do not constitute a windfall.

Plaintiff's counsel graduated from Northeastern University School of Law and has been an attorney in good standing since November 2011. ECF No. 16-5 at 2 ¶ 7. The Court has a favorable view of Plaintiff's counsel and her work, and this case was no exception. Plaintiff's counsel is among the few attorneys in this district who routinely represent social security disability insurance claimants in federal court. The Court recognizes the value and importance of this work and does not wish to discourage counsel from assuming the risks to represent claimants in federal court. Based on the foregoing, given the circumstances of this case, the Court finds that no downward adjustment in the requested attorneys' fees is necessary in this case.

## CONCLUSION

Based on the foregoing, the Court FINDS that Plaintiff's counsel's request for attorneys' fees is reasonable.  The Court thus RECOMMENDS that the district court GRANT the Amended Petition and award Plaintiff's counsel $10,581.25 in attorneys' fees in accordance with 42 U.S.C. § 406(b).  The Court also RECOMMENDS that the district court DIRECT Plaintiff's counsel to refund Plaintiff the $881 in fees previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), upon receipt of the § 406(b) fees.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, June 16, 2025.



Kenneth J. Mansfield
United States Magistrate Judge

*Vasega v. Bisignano*, Civil No. 23-00316 JAO-KJM; Findings and Recommendation to Grant Amended Petition for 406(b) Fees